COUNTY OF MIDDLESEX, PROSECUTOR, v. CIVIL SERVICE
COMMISSION, RESPONDENT.

Submitted February 1, 1932—Decided June 13, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Edmund A. Hayes.*

For the respondent, *William A. Stevens,* attorney-general,
and *Frederick F. Richardson.*

PER CURIAM.

This writ brings up for review a determination of the civil
service commission ordering the reinstatement of Ruth Durham
to a position formerly held by her in the office of the
county treasurer.

It appears that her office was abolished by resolution of
the board of freeholders on February 6th, 1930; that on
November 24th, 1930, one Dennis J. Desmond was employed
as a temporary employe in said office; that this employment
lasted until January, 1931, when apparently it was terminated,
because, as Desmond testified, "the civil service refused
to carry me on the payroll any more." He further testified
that he was "re-engaged in March, 1931, and still works in
the treasurer's office."

Mrs. Durham's contention at the hearing was that the effect
of the actions complained of was that she was discharged,
contrary to law, and that Desmond was really employed to
do the work formerly done by her, and that the action of
which she complains was not in the interest of economy or
better departmental organization. The civil service commis-

sion sustained this contention and accordingly ordered her reinstatement.

The testimony of county officials was in effect that around the first part of the year 1930 it became desirable to rearrange the handling of work in the treasurer's office. Certain work formerly done in that office was transferred to other departments. Mrs. Durham's position as senior clerk bookkeeper, which she had held for five years, was abolished as no longer necessary. Her description of her duties was:

"My first duty was to reconcile the bank balances, take care of road books, draw checks and work on the voucher record with Mr. Oram, who kept the cash book, and I helped Mr. Diebert with the voucher record."

She was not a stenographer, but claims she could have done typing had she been required to, although not in practice during the last two years.

In November, 1930, the authorities concluded that more assistance was needed in the treasurer's office, and Desmond received the appointment in preference to Mrs. Durham. The prosecutor justified his appointment instead of Mrs. Durham on the ground that Desmond was capable of operating a typewriter, it being stated that the policy was to employ only persons who were typists in the treasurer's office.

The testimony seems to be that Desmond did the work formerly done by Mrs. Durham. Desmond's description of his work was:

"Preparing trial balances, posting general ledger, voucher record, typing statements and checks and whatever other work that Mr. Hamley would assign to me."

It will thus be seen that their duties were similar, except that Desmond prepared typewritten statements of some kind and wrote checks on the typewriter instead of by hand as Mrs. Durham had done.

It seems to us that the case resolves itself into one of fact as to whether or not the position held by Desmond was practically the same one formerly held by Mrs. Durham, and as to whether or not the action of the county was taken in good faith, in the interest of economy. This being so, we conclude that there was reasonable basis in the evidence for the finding

of the civil service commission that the action of the county officials was not justified in the circumstances disclosed. The case is not overwhelmingly conclusive, but there is enough in the evidence to furnish a legal basis for the action of the civil service commission. The work performed was almost identical. It seems to us a reasonable inference that Mrs. Durham was capable of typing so far as necessary in this position, especially when it appears that she had held the office for five years with no complaint, and had performed her duties very well.

. We find no reason in our judgment sufficient to support a reversal, and consequently the order of the civil service commission under review will be affirmed, but without costs to either party as against the other.